UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL MCDONALD,

    Plaintiff,

v.                                  Case No. 3:23cv6471-MCR-HTC

SHIRL STEWART,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Michael McDonald, a prisoner[1] proceeding *pro se*, filed this action under 28 U.S.C. § 1331 purporting to assert a claim for violation of the False Claims Act, 31 U.S.C. § 3729. ECF Doc. 1. As set forth below, the undersigned recommends the case be dismissed for Plaintiff's failure to prosecute and follow orders of the Court.

Upon reviewing the complaint, the Court found it to be procedurally deficient and, on March 23, 2023, ordered Plaintiff to, within twenty-one days: (1) file an amended complaint on the Court's required form, and (2) either submit a motion to proceed *in forma pauperis* or pay the full filing fee. ECF Doc. 3. The March 23

---

[1] Plaintiff filed a notice of change of address on May 22, 2023, after he was released from the Okaloosa County Jail and provided the Court with a non-institutional address.

Order warned Plaintiff that failure to comply with it may result in a dismissal. *Id.* at 2. Although Plaintiff eventually paid the filing fee, he failed to file an amended complaint, despite being granted two separate extensions of time. *See* ECF Docs. 4–8. Thus, on June 1, 2023, the Court entered a show cause order giving Plaintiff fourteen (14) additional days to file an amended complaint. ECF Doc. 10. To date, however, Plaintiff has not complied with the March 23 Order by filing an amended complaint.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case *sua sponte* where the plaintiff has failed to prosecute his claims or follow a court order. Fed. R. Civ. P. 41(b); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011). The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Based on the foregoing, dismissal of this case is appropriate. Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of June, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:22cv25412-MCR-HTC